IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELA PARSONS, et al. | : | |
| | : | CIVIL ACTION |
| v. | : | No. 13-0955 |
| | : | |
| THE PHILADELPHIA PARKING | : | |
| AUTHORITY, et al. | : | |

O'NEILL, J.                                                                                              January 16, 2014

**MEMORANDUM**

Now before me are plaintiff Angela Parson's amended complaint, defendant the Philadelphia Parking Authority's motion to dismiss, plaintiff's response, and the PPA's supplemental motion to dismiss.[1]  Plaintiff brings, individually and on behalf of a class of all persons similarly situated, an unjust enrichment claim against defendant for allegedly collecting street parking payments on various days when parking was free of charge in Philadelphia.[2]

Plaintiff alleges that on multiple occasions after 5:00 p.m. on Wednesdays, and after 11:00 a.m. on Saturdays between November 24 and December 29, 2012, she paid for metered parking at kiosks in non-rush hour zones in Center City because she did not know that parking was free of charge since there were no signs indicating such,[3] and the meter kiosks accepted payment for parking.  Dkt. No. 3 ¶¶ 23, 24.  Similarly, on multiple occasions plaintiff claims she paid for metered parking in the City beyond the time required by the applicable parking

---

[1] Defendant the City of Philadelphia filed an answer to plaintiff's amended complaint on April 28, 2013.  Dkt. No. 8.  On December 17, 2013, I denied plaintiff's November 14, 2013 motion to remand this case to the Philadelphia Court of Common Pleas.  Dkt. No. 22.

[2] The parties have stipulated to the dismissal of Count II of plaintiff's complaint. Dkt. Nos. 18, 19.  Plaintiff's claim for unjust enrichment in Count I of her complaint is all that remains.

[3] The PPA counters that the City holds special press conferences, broadcast on government and business websites, and publicizes on television and local radio stations the easing of parking enforcement during the Holiday Season.  Dkt. No. 5 ¶ 16.  It contends that the City also posts signs in those areas that do not require parking meter payments beyond a certain time of day.  Id. ¶ 17.

regulation signs.  Id. ¶ 25.  Plaintiff demands certification of her suit as a class action on behalf of the proposed class and designating her as class representative, restitution of any and all payments made by any and all class members that was allegedly retained by defendants, pre- and post-judgment interest, costs of litigation and other such relief as the Court deems appropriate. Id. ¶ 44(a)-(f).

For the reasons set forth, I will grant the PPA's motion.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)."  Id. (citations omitted).  This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.  Id. at 556.  The Court of Appeals has made clear that after Ashcroft v. Iqbal, 556 U.S. 662 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'  To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556

U.S. at 678. The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Id. at 210-11, quoting Iqbal, 556 U.S. at 679. The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679, quoting Fed. R. Civ. P. 8(a)(2).

## DISCUSSION

The PPA argues that plaintiff's unjust enrichment claim should be dismissed against it because it neither receives nor retains any benefit with respect to metered parking revenues and it furthermore enjoys governmental immunity under Pennsylvania law. Dkt. No. 17 at pp. 19-20. I agree with the PPA that it cannot be said to have been unjustly enriched where it receives no benefits from plaintiff and will grant the PPA's motion.

The elements of an unjust enrichment claim are: (1) benefits conferred on one party by the other; (2) appreciation of such benefits by the recipient; and (3) acceptance and retention of these benefits under such circumstances that it would be inequitable [or unjust] for the recipient to retain the benefit without payment of value." Allegheny Gen. Hosp. v. Phillip Morris, Inc., 228 F.3d 429, 447 (3d Cir. 2000) (citation and quotation omitted); see also Limbach Co., LLC v.

City of Phila., 905 A.2d 567 (Pa. Commw. Ct. 2006).  Plaintiff's claim against the PPA fails because the PPA does not receive, accept or retain benefits or appreciation of those benefits from plaintiff or other class members who allegedly paid for parking at on-street parking meters and kiosks where payment was not necessary.  The Pennsylvania Parking Authorities Law, 53 Pa. Cons. Stat. § 5501, et seq., mandates that revenues generated pursuant to the system of on-street parking regulation "shall not be deemed to constitute revenues or receipts of the [PPA]."[4]  53 Pa. Cons. Stat. § 5508.1(q.1)(2).  Specifically, the statute decrees that the PPA "transfer[s] the revenues of the system of on-street parking regulation" net of operating and administrative expenses to the City of Philadelphia and the School District of Philadelphia.  Id.  This statutory

---

[4]   The applicable provision reads as follows:

> Any revenues generated pursuant to the system of on-street parking regulation authorized by this subsection shall be collected by the authority [PPA] on behalf of the city of [Philadelphia] and disbursed as provided in this paragraph, subject to adjustment under paragraph (3).  Such revenues shall not be deemed to constitute revenues or receipts of the authority, or, except for agreements with the city in place on the effective date of this subsection to use on-street parking revenues to pay or secure obligations of the authority and in any other similar situation which may arise in the future to which the city consents, such revenue shall not be subject to any debt or obligation of the authority.  Beginning with its fiscal year ending in 2004, upon the conclusion of each of its fiscal years, the authority shall transfer the revenues of the system of on-street parking regulation net of the operating and administrative expenses of the system of on-street parking regulation as follows:
> > (i) Up to $25,000,000 in the aggregate after taking into account monthly remittances required pursuant to paragraph (1) to the city in which it is located.
> > (ii) In the event the net annual revenue of the system of on-street parking regulation exceeds $25,000,000, the authority shall transfer all of the excess to the general fund of a school district of the first class coterminous with the city.

53 Pa. Cons. Stat. § 5508.1 (q.1)(2) (emphasis added).

requirement renders moot plaintiff's argument that the PPA receives benefits from plaintiff and alleged class members.[5]

Plaintiff, however, attempts to counter the statutory directive by arguing that the PPA's financial statements establish that it accepted and retained benefits paid to it by plaintiff and putative class members for on-street parking when none was due, and that the PPA's denial of plaintiff's factual averments is not a basis for a dismissal under Rule 12(b).  Dkt. No. 6 at ECF pp. 7-8.  Here, plaintiff points to the PPA's 2012 and 2011 Financial Statements[6] wherein the PPA indicates that increases in its operating revenue were partially a function of "an increase in meter revenue." Id. at ECF pp. 8-9.  Plaintiff also sets forth a quoted sentence from the PPA's report "[o]n-[s]treet parking revenue includes revenue collected from parking . . . meters" to support her contention. Id. at ECF p. 9.  However, plaintiff's arguments are unavailing to support her claim.  This is because the PPA's assertion that it does not receive, accept or retain benefits or appreciation of those benefits is not merely a "factual averment" as plaintiff contends but rather, is a statutory requirement.  See Blount v. Phila. Parking Auth., 965 A.2d 226, 287-88 (Pa. 2009), ("The statute [ ] requires that the PPA dispose of its budget in specific ways:  the first $25 million goes to the City of Philadelphia and any excess goes to the general fund of Philadelphia's school district"); City of Phila. v. Phila. Parking Auth., 798 A.2d 161, 171 (Pa. 2002), ("[B]y obliging PPA to channel substantial revenues to school funding, the General Assembly has directly employed PPA as an instrumentality in furtherance of the Legislature's own constitutional obligation to provide for the maintenance and support of a thorough and

---

[5] Plaintiff does not allege that the PPA has accepted, retained, or appreciated benefits from street metered parking in contravention of the Pennsylvania Parking Authorities Law.

[6] Financial Statements, Required Supplementary Information and Other Financial Information For the Years Ended March 31, 2012 and 2011& Independent Auditors' Report.

-6-

efficient system of public education.").

Moreover, the PPA's alleged increase in operating revenues collected from meter revenues is in conformity with 53 Pa. Con. Stat. § 5508.1(q.1)(2) which clearly provides that the PPA shall transfer its revenues net of its operating expenses. As the PPA's Financial and Other Financial Information report clearly states:

> The City/School District of Philadelphia receives payment from the Authority [PPA] based upon the terms of the Agreement of Cooperation (as amended by Act 9) for the [o]n-[s]treet [p]arking operations based on the total revenue received from . . . [m]eters . . . and other related revenue less both direct expenses and an allocation of support costs . . .

Dkt. No. 6-1 (Ex. A) at ECF p.13.

Because the PPA does not receive, accept or retain benefits or appreciation of such benefits from plaintiff and other alleged class members as is required to plead a claim of unjust enrichment, I will grant the PPA's motion to dismiss and do not need to address the issue of the PPA's governmental immunity from the instant suit.