IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA PARSONS, et al. : | |
| : | CIVIL ACTION |
| v. : | No. 13-0955 |
| : | |
| THE CITY OF PHILADELPHIA : | |

O'NEILL, J.                                                                                           December 9, 2014

**<u>MEMORANDUM</u>**

Now before me is defendant the City of Philadelphia's memorandum of law in support of its first affirmative defense – that plaintiff has failed to state a claim upon which relief may be granted, Dkt. No. 31, plaintiff Angela Parsons' response, Dkt. No. 32, and defendant's reply thereto. For the reasons that follow, I decline to find that plaintiff's amended class action complaint fails to state a claim.

Plaintiff's remaining claim in this action is for unjust enrichment against the City on behalf of herself and a proposed class of plaintiffs. She contends that she and others paid for "metered parking in the City when and where such parking was free of charge" and paid "for metered parking beyond the time required by the applicable parking regulation signs." Dkt. No. 3 at ¶ 40. Specifically, plaintiff's claims relate to: (1) defendant's alleged failure "to prevent parkers from paying for parking during times in which the City's established parking regulations did not require[ ] payment," Dkt. No. 31 at ECF p. 4, the After Hours claim; and (2) defendant's alleged unjust enrichment from the collection of parking payments during certain times when "the City or the [Philadelphia Parking Authority] 'determined' that parking was to be 'free of charge' at certain times when the Class would otherwise have been obligated to pay for parking," id. at ECF p. 4, the Holiday Program claim. Therefore plaintiff seeks to recover money allegedly paid to the City when no payment was due because defendant's "acceptance and retention of [the

payments] are such that it is inequitable for the defendant[ ] to retain the benefits without payment of value to the Named Plaintiff and other Class Members."  Dkt. No. 3 at ¶ 44.

Although defendant seeks dismissal of plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6), I will consider defendant's assertion of its first affirmative defense pursuant to the standard for a motion for judgment on the pleadings.  Defendant answered plaintiff's complaint on April 29, 2013.  Dkt. No. 8.  On June 26, 2014, I ordered defendant to "file a memorandum of law detailing the first affirmative defense, failure to state a claim upon which relief may be granted, asserted in its answer to plaintiff Angela Parsons' complaint." [1] Dkt. No. 30.  A defense of failure to state a claim upon which relief can be granted may be made after the answer is filed by motion for judgment on the pleadings or at the trial on the merits.  See Fed. R. Civ. P. 12(h)(2).  A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."  Fed. R. Civ. P. 12(c).

"A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." Revell v. Port Auth. of N.Y. & N.J., 598 F.3d 128, 134 (3d Cir. 2010).  Accordingly, I "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to" plaintiff .  Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005). If plaintiff has not articulated enough facts "to raise a right to relief above the speculative level," I will dismiss her claim.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Plaintiff must

---

[1] In her response, plaintiff submits "that the Court should not have directed the City to address the Voluntary Payment affirmative defense sua sponte."  Dkt. No. 32 at ECF p. 4. However, the Court of Appeals has held that "a district court may sua sponte raise the issue of the deficiency of a complaint . . . so long as the plaintiff is accorded an opportunity to respond." Travelers Indem. Co. v. Dammann & Co., Inc., 594 F.3d 238, 256 n. 14 (3d Cir. 2010) (internal citations and quotation marks omitted).  Plaintiff has been afforded the requisite opportunity to respond to defendant's contention that her complaint fails to state a claim.

plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).  I "may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009); see also Iqbal, 556 U.S. 662 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

I turn first to the question of whether, in this case, the voluntary payment doctrine is a waivable affirmative defense that defendant was required to affirmatively state in its answer to plaintiff's complaint.  See Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense. . . .").  I find that it is.[2]

"Under the voluntary payment defense, 'one who has voluntarily paid money with full knowledge, or means of knowledge of all the facts, without any fraud having been practiced upon him . . . cannot recover it back by reason of the payment having been made under a mistake or error as to the applicable rules of law.'" Liss & Marion, P.C. v. Recordex Acquisition Corp., 983 A.2d 652, 661 (2009) (citation omitted); see also Essex Ins. Co. v. RMJC, Inc., 306 F. App'x 749, 754 (3d Cir. 2009) (finding that, in Pennsylvania, the voluntary payment doctrine prohibits "recovery for voluntary payments made due to a mistake of law") (citation omitted).  The voluntary payment doctrine thus presents a question that might provide a defense to plaintiff's claim even when all of the allegations in her complaint are taken as true.  See 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1270 (3d ed.) ("An affirmative defense will defeat the plaintiff's claim if it is accepted by the district court or the jury.").  "Any

---

[2] I note, however, that the voluntary payment doctrine is separate from the affirmative defense of "payment" which is specifically listed in rule 8(c).  As defendant contends, a "'payment' affirmative defense is an assertion that the *defendant* has already paid the amount that the plaintiff claims that the defendant owes." Dkt. No. 33 at ECF p. 5 (emphasis added).  That is not the circumstance at issue here.

defenses that admit the allegations of the complaint but suggest some other reason why there is no right to recovery or concern allegations outside of the plaintiff's prima facie case that the defendant therefore cannot raise by simple denial in the answer are generally considered affirmative defenses." Silver Buckle Mines, Inc. v. United States, 117 Fed. Cl. 786, 797 (Fed. Cl. 2014) (internal quotation, alteration and citation omitted); see also 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1271 (3d ed.) ("it is advisable for the defendant to allege affirmatively any new matter he or she believes may not be embraced by the pleadings").  "The reason why the voluntary payment doctrine is an affirmative defense is that the voluntary payment doctrine applies . . . in situations where the payment was made with full knowledge of all of the facts and without any suggestion that the payor was defrauded in making the payment."  Taylor, Bean & Whitaker Mortgage Corp. v. GMAC Mortgage Corp., No. 5:05CV260, 2007 WL 1114045, at *6 (M.D. Fla. Apr. 12, 2007) (applying Pennsylvania law). Cf. Wurtz v. Rawlings Co., LLC, No. 12-1182, 2014 WL 4961422, at *6 (E.D.N.Y. Oct. 3, 2014) ("The voluntary payment doctrine is an affirmative defense, and therefore its applicability must be apparent on the face of the complaint to warrant dismissal under Rule 12(b)(6)."); Young v. Citimortgage, Inc., No. 11-01363, 2012 WL 4371532, at *2 (D. Conn. Sept. 24, 2012) ("Plaintiffs are not required to plead facts in the complaint in anticipation of affirmative defenses such as the voluntary payment doctrine.")

 Even though I find that the voluntary payment rule is a waivable affirmative defense to plaintiff's unjust enrichment claim, I find that defendant's failure to plead the defense in its answer is not fatal to its ability to assert the defense.  Although failure to raise an affirmative defense by a responsive pleading or by appropriate motion generally results in the waiver of that defense, the Federal Rules of Civil Procedure grant the Court the authority to permit amendment

to a responsive pleading to include an affirmative defense "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court of Appeals has taken a liberal approach in favor of allowing amendment of the pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chemical Co., 921 F.2d 484, 486–87 (3d Cir. 1990). Unless the opposing party will be prejudiced, leave to amend should generally be allowed. See Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir. 1984). With regards to prejudice, the focus is on the hardship to the non-moving party in the form of "additional discovery, costs, and preparation to defend against new facts or new theories." Cureton v. Nat'l Collegiate Athletic Ass'n, 151 F.3d 267, 273 (3d Cir. 2001). The Court of Appeals has recognized that a "defendant does not waive an affirmative defense if '[h]e raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond.'" Charpentier v. Godsil, 937 F.2d 859, 864 (3d Cir. 1991) (citations omitted). I find that those requirements are here met and thus defendant is not procedurally barred from raising the defense of voluntary payment.

Regardless, however, of whether or not voluntary payment is an affirmative defense, I find that it is not appropriate to enter judgment in defendant's favor on the basis of the defense at this stage of the proceedings because I cannot evaluate the merits of the City's voluntary payment defense without reference to "matters outside the pleadings." Fed. R. Civ. P. 12(c). "In order to implicate the Voluntary Payment Rule [ ] the payment must truly have been voluntary and made with an unadulterated understanding of all of the elements of the payment." Lawn v. Enhanced Serv. Billing, Inc., No. 10-CV-1196, 2010 WL 2773377, at *2 (E.D. Pa. July 13, 2010) (citation omitted). "Exceptions to the voluntary payment doctrine . . . arise only when the claimant alleges a mistake of fact or duress." Coregis Ins. Co. v. Law Offices of Carole F.

Karfrissen, P.C., 140 F. Supp. 2d 461, 463-64 (E.D. Pa. 2001); see also Liss, 937 A.2d at 514 ("The voluntary payment defense . . . is inapplicable when money is paid by a person without full knowledge of the facts.") (internal quotation and citation omitted); Ochiuto v. Prudential Ins. Co., 52 A.2d 228, 230 (Pa. 1947) ("[I]t is elementary that one who voluntarily pays money with full knowledge of the facts, without any fraud having been practiced upon him, cannot recover it back."). "Under Pennsylvania law, a mistake of fact means any mistake other than a mistake of law." Nationwide Mut. Ins. Co. v. Glickman, No. 95-5237, 1996 WL 605129, at *4 (E.D. Pa. Oct. 22, 1996) (citation and internal quotation omitted). "What constitutes a mistake of fact under the rule allowing the recovery of payments is not always easy to determine. No hard and fast test can be applied; each case depends largely upon the particular factual situation involved." 66 Am. Jur. 2d Restitution and Implied Contracts § 120.

> A mistake of law is a mistake as to the legal consequences of an assumed state of facts. . . . A mistake of law occurs where a person is truly acquainted with the existence or nonexistence of facts, but is ignorant of, or comes to an erroneous conclusion as to, their legal effect.

Acme Markets, Inc. v. Valley View Shopping Ctr., Inc., 493 A.2d 736, 737 (Pa. Super. Ct. 1985) (citations and internal quotations omitted). "[T]o allow mistake or ignorance of the law to void actions taken by parties would subvert the effective administration of the law." Acme Mkts., Inc. v. Valley View Shopping Ctr., Inc., 493 A.2d 736, 737 (Pa. Super. Ct. 1985), citing 70 C.J.S. Payment § 156(a) (1951).

It has been held that "the issue of voluntary payment often entails a fact-based inquiry and is not suited for resolution at the dismissal stage." United States v. Cayman Village Condo Ass'n Inc., No. 12-61797, 2013 WL 1665846, at *1 (S.D. Fla. Apr. 17, 2013); see also Silver Buckle Mines, 117 Fed. Cl. at 798 ("Because the pleadings are to be liberally construed in favor

of the non-movant in a motion to dismiss, when an affirmative defense that be negated is raised in such a motion, the best course of action is to allow the action to continue – particularly when the complaint cannot be read as an affirmative admission of voluntary payment."). Accordingly, in Simonson v. Hertz Corp., No. 10-1585, 2011 WL 1205584, at *3 (D.N.J. March 28, 2011), the Court declined to grant the defendants' motion to dismiss on the basis of the voluntary payment rule finding that it could not ascertain from the plaintiff's allegations whether he "made the payments without a mistake of fact." The plaintiff had paid a charge imposed by a defendant for his utilization of an electronic toll collection service and subsequently filed a claim for breach of contract, consumer fraud and unjust enrichment. Id. The defendants claimed that the voluntary payment doctrine applied to bar plaintiff's breach of contact claim "because Plaintiff paid the contested charges." Id. The plaintiff, however, alleged that "he was unaware of the facts and circumstances surrounding the imposition of the PlatePass fee." Id.

      The Court explained,

> Although Plaintiff acknowledges he was unaware that Defendants had no legal right to collect any administrat[ive] fees, the Court cannot ascertain whether Plaintiff made the payments without a mistake of fact. For example, the facts as pled do not indicate whether Plaintiff, at the time he paid [the defendant], was aware that the $10.00 administrative service fee included charges for days he did not utilize PlatePass. Based upon a reading of the Complaint, it is entirely possible for the Court to determine that Plaintiff paid the $10.00 fee because he thought it incurred from his single use of PlatePass and was not the sum total of a per diem fee. If Plaintiff was aware the $10.00 fee included charges for days he did not utilize PlatePass, he may never have paid the fee. This mistake of fact, if true, would preclude the voluntary payment doctrine.

Id.

      Here, as in Simonson, I find that the pleadings are not sufficient to permit me to conclude whether plaintiff's unjust enrichment claim stems from overpayments for parking resulting from

mistakes of fact or mistakes of law. In her amended class action complaint, plaintiff alleges that "[t]he Defendants have installed parking regulation signs throughout the City. The parking regulation signs governing metered parking spaces indicate the time limit and the hours during which the meter must be paid." Dkt. No. 3 at ¶ 19. She elaborates, "[t]hus, for example, some parking regulation signs in the City indicate that there is a three-hour time limit on parking between the hours of 4:00 p.m. and 10:00 p.m. . . . ." Id. at ¶ 20. If plaintiff's unjust enrichment claim rested only on an allegation that, with an understanding of the relevant parking regulation sign, she had paid for parking after 10:00 her claims would, indeed be barred by the voluntary payment doctrine and I could make that determination based upon the pleadings. Such an allegation would not evidence a mistake of fact, but rather, would merely support a finding that plaintiff made the payment despite her ignorance of the law. But plaintiff here alleges that "if an individual arrives at 9:45 p.m., inserts her credit card into a parking meter kiosk, and presses the button for 'MAX TIME,' she is charged for three hours of parking even though she only needs to pay for a maximum of a quarter of an hour." Id. Plaintiff further alleges that "[o]n multiple occasions, [she] paid for metered parking in the city beyond the time required by the applicable parking regulation signs." Id. at ¶ 25. In her reply, plaintiff argues that "by pressing the 'MAX TIME' [button] at 9:45 p.m. where the applicable signage states 3 hour parking between 4:00 p.m. and 10:00 p.m., individuals would mistakenly believe that they were purchasing 15 minutes of parking, the maximum amount of time they needed under the signage, rather than the 3 hours of parking for which they were ultimately charged." Dkt. No. 32 at ECF p. 9.

Plaintiff also alleges that:

> [o]n multiple occasions, [she] paid for metered parking at kiosks in non-rush hour zones in Center City after 5:00 p.m. on Wednesdays when parking was free of charge in Center City on Wednesdays after 5:00 p.m. because she did not know that parking was free of

> charge, there were no signs indicating that parking was free of
> charge, and the meter kiosks accepted payment for parking when
> no payment was required.

Dkt. No. 3 at ¶ 23.

    She claims that

> [o]n multiple occasions, [she] paid for metered parking in the city
> on Saturdays between November 24 and December 29, 2012 after
> 11:00 a.m. when parking was free of charge because she did not
> know that parking was free of charge, there were no signs
> indicating that parking was free of charge, and the meters and
> meter kiosks accepted payment for parking when no payment was
> required.

Id. at ¶ 24.  As plaintiff argues, "it is at least inferable from the Amended complaint that payments for parking when no payments were due were made based on a mistake [of] fact." Dkt. No. 32 at ECF p. 8.  Defendant responds that "[i]f the City did not prevent parkers' from being able to know the facts relevant to their duty to pay, then the [voluntary payment r]ule applies" to bar plaintiff's claims.  Dkt. No. 33, at ECF p. 8 (emphasis added).  But it is the "if" which is fatal to defendants' assertion of the voluntary payment defense at this stage of the proceedings.  Cf. Wurtz, 2014 WL 4961422, at *7 (holding that "the voluntary payment doctrine cannot apply at this juncture as a bar to [the plaintiff's] claims" where "nothing on the face of the complaint suggests that [the plaintiff] paid [the defendant] with full knowledge of the facts and a lack of diligence in determining her contractual obligations").

    Viewing the allegations in plaintiff's complaint in the light most favorable to her, she has alleged a plausible claim not barred by the voluntary payment doctrine as I cannot find that the alleged overpayments for parking were "truly . . . voluntary and made with an unadulterated understanding of all of the elements of the payment."  Lawn v. Enhanced Serv. Billing, Inc., No. 10-CV-1196, 2010 WL 2773377, at *2 (E.D. Pa. July 13, 2010) (citation omitted).  Cf. Robbins

v. Scana Energy Mktg., Inc., No. 08-640, 2008 WL 7724171, at *5-6 (N.D. Ga. June 13, 2008) (finding the plaintiffs' complaint did not state "a plausible claim not barred by the voluntary payment doctrine" where they made no allegations that they lacked knowledge of material facts and their complaint supported a finding that they "made the payments through an unexcused ignorance of the law").[3]  Accordingly, I will permit her unjust enrichment claim to go forward and will not at this point resolve the question of whether plaintiff is barred from pursuing her claim under the voluntary payment doctrine – even if the voluntary payment doctrine may ultimately bar some or all of her claim.[4]

     An appropriate Order follows.

---

[3]  Moving forward, defendant's assertion of the voluntary payment doctrine as a defense may thus require an inquiry into whether members of the putative class made their payments without a mistake of fact.  See Liss, 937 A.2d at 514 ("The voluntary payment defense . . . is inapplicable when money is paid by a person without full knowledge of the facts.") (internal quotation and citation omitted).  This issue should be addressed in the forthcoming briefs on plaintiff's motion for class certification.

[4]  Although the issue may be appropriate for resolution at a later stage of the proceedings, I decline to here determine whether the Philadelphia Parking Authority or the City Department of Streets has the power to alter any duty to pay for parking.  See, e.g., Dkt. No. 31 at ECF p. 8 (defendant's argument that the City has not delegated its legislative authority to the PPA and that, as a result, the PPA does not have the power to alter the duty to pay for parking); Dkt. No. 32 at ECF p. 10-13 (plaintiff's argument that the PPA has authority to administer metered parking "consistent with the Mayor's proper exercise of his authority as the Executive who oversees the Department of streets").