IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANGELA PARSONS, et al.           :
                                  :           CIVIL ACTION
       v.                         :           No. 13-0955
                                  :
THE PHILADELPHIA PARKING          :
AUTHORITY, et al.                 :

O'NEILL, J.                                                    February 11, 2016

## MEMORANDUM

Plaintiff Angela Parsons has sued defendant the City of Philadelphia[1] alleging one count of unjust enrichment on behalf of herself and a proposed class of plaintiffs. Now before me is plaintiff's motion for class certification (Dkt. No. 38) and defendant's response (Dkt. No. 41). For the reasons that follow, I will deny plaintiff's motion for class certification. I will remand plaintiff's individual unjust enrichment claim against defendant to the Court of Common Pleas of Philadelphia County, where this suit originated.

## BACKGROUND

Plaintiff's motion for class certification is based on allegations that she and others paid for "metered parking in the City when and where such parking was free of charge" and paid "for metered parking beyond the time required by the applicable parking regulation signs." Dkt. No. 3 at ¶¶ 40-41. Plaintiff alleges that defendant "collected and retained fees for street parking from the Class Members for times during which no fee was required pursuant to applicable parking signage through parking meters including electronic parking meter kiosks[.]" Dkt. No. 38-1 at ECF p. 1-2. Additionally, plaintiff claims that defendant "fail[ed] and refus[ed] to deactivate the meters and kiosks or program them so that they did not accept payment for parking for times at

---

[1] All claims against defendant the Philadelphia Parking Authority have been dismissed.

which no payment [was] required." Id. at ECF p. 2.  Plaintiff seeks to recover on a theory of unjust enrichment on behalf of herself and her proposed class for the money allegedly paid to defendant when no payment was due.  Dkt. No. 3 at ¶¶ 40-41.

## DISCUSSION

Plaintiff seeks to certify a class comprised of:

> All individuals and entities (1) who paid for metered parking in the City of Philadelphia where and when such parking was to be free of charge; and/or (2) who paid for metered parking in the City beyond the time required by the applicable parking regulation signs.

Dkt. No. 38-1 at ECF p. 3.  To prevail on her motion for class certification, plaintiff "bears the burden of affirmatively demonstrating by a preponderance of the evidence her compliance with the requirements of Rule 23" of the Federal Rules of Civil Procedure.  Byrd v. Aaron's Inc., 784 F.3d 154, 163 (3d Cir. 2015); see also Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1432 (2013) ("The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only . . . . To come within the exception, a party seeking to maintain a class action must affirmatively demonstrate his compliance with Rule 23.") (citations and internal quotations omitted).  Courts deciding class certification motions are "obligated to probe behind the pleadings when necessary and conduct a 'rigorous analysis' in order to determine whether the Rule 23 certification requirements are satisfied."  Byrd, 784 F.3d at 163, citing Comcast, 133 S. Ct. at 1432.

The four threshold requirements of Rule 23(a) are: (1) numerosity ("the class is so numerous that joinder of all members is impracticable"); (2) commonality ("there are questions of law or fact common to the class"); (3) typicality ("the claims or defenses of the representative parties are typical of the claims or defenses of the class"); and (4) adequacy ("the representative

2

parties will fairly and adequately protect the interests of the class"). See Fed. R. Civ. P. 23(a); Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2550 (2011). Rule 23(b) provides three potential ways to certify a class; plaintiff seeks certification pursuant to either Rule 23(b)(1) or 23(b)(3). See Fed. R. Civ. P. 23(b). Plaintiff must satisfy all of the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of one of the subsections of Rule 23(b); a failure to meet any element will defeat her motion. Dukes, 131 S. Ct. at 2548.

Defendant contends that class certification should be denied because plaintiff's case is inappropriate for certification under Rule 23(b)(1) and because plaintiff has failed to show ascertainability and predominance as required to certify a Rule 23(b)(3) class. For the reasons that follow, I agree.

## I. Class Certification under Rule 23(b)(1)

Plaintiff seeks to certify a class under Rule 23(b)(1). Defendant maintains that plaintiff has presented no support for certifying a (b)(1) class and argues that because this case involves individual monetary claims, the only way it could be certified is under Rule 23(b)(3).

Rule 23(b)(1) provides a basis for certification of a class when:

> prosecuting separate actions by or against individual class members would create a risk of:
>
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests[.]

Fed. R. Civ. P. 23(b)(1). Plaintiff argues that her proposed class meets the requirements of Rule 23(b)(1) because "by virtue of the numerosity of the [c]lass [m]embers and the clear typicality of

. . . the claim they have, there is a clear risk of adjudications with respect to individual class members [which], as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications." Dkt. No. 38-1 at ECF p. 7.  Additionally, plaintiff argues that "such adjudications would substantially impair or impede the ability of class members not parties to the individual adjudications to protect their interests." Id. at ECF p. 7-8. Although the parties have completed class certification discovery, plaintiff does not point to any evidence or cite to any authority to support this argument but instead merely notates the elements of a claim under Rule 23(b)(1)(B).  Plaintiff has not explained how the adjudication of one class member's unjust enrichment claim against defendant would be dispositive of or prejudicial to any other class member's claim.

Additionally, as defendant maintains, the Supreme Court has held that "individualized monetary claims belong in Rule 23(b)(3)." Dukes, 131 S. Ct. at 2558.  This is because in a (b)(1) class, "individual adjudications would be impossible or unworkable" and therefore a class under (b)(1) "provides no opportunity for . . . class members to opt out, and does not even oblige the District Court to afford them notice of the action." Id.  Classes under (b)(1) are often "limited fund" classes where "no one has the right to secede" because the fund available to pay the plaintiffs' claims is inadequate.  See Ortiz v. Fibreboard Corp., 527 U.S. 815, 838 (1999).

Through her claim for unjust enrichment, plaintiff primarily seeks to recover monetary damages for overpayments for metered parking on behalf of the class — quintessential individualized monetary claims.  She has not shown that there is a limited fund available to pay the claims of putative class members.  Nor, as defendant argues, if some putative class members were to bring individual actions, would there be any other practical impediment to the other putative class members in bringing their own individual claims for unjust enrichment.  Dkt. No.

41-1 at ECF p. 23.  I find that plaintiff has not met her burden to show that the prosecution of separate actions would create a risk of multiple actions that would establish incompatible standards of conduct or that the denial of class certification would substantially impair or impede the ability of other putative class members to protect their interests.   Accordingly, I will not certify a class under Rule 23(b)(1).

## II.     Class Certification under Rule 23(b)(3)

Plaintiff also seeks to certify a class under Rule 23(b)(3).  Defendant challenges both the ascertainability of the proposed class and the predominance of questions of law or fact common to the class.

Rule 23(b)(3) provides a basis for certification of a class in cases where:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:
>
> (A)     the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B)     the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C)     the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D)     the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).  Rule 23(b)(3)'s requirements are "known as predominance and superiority."  In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 310 (3d Cir. 2008). Additionally, the Court of Appeals has explained that "[a] plaintiff seeking certification of a Rule 23(b)(3) class must prove by a preponderance of the evidence that the class is ascertainable." Byrd, 784 F.3d at 163.

### A. Ascertainability

Defendant contends that the class plaintiff seeks to certify is not ascertainable because plaintiff "has not identified a reliable and administratively feasible mechanism for determining whether putative class members fall within her definition." Dkt. No. 41-1 at ECF p. 27. Plaintiff does not mention ascertainability in her brief and only references the identification of class members when addressing numerosity under Rule 23(a), stating that "[a]ccording to documents produced by the Philadelphia Parking Authority, the City received tens of thousands of payments totaling several millions of dollars for metered parking" from those in the proposed class. See Dkt. No. 38-1 at ECF p. 4.

The Court of Appeals has explained that "[t]he ascertainability inquiry is two-fold, requiring a plaintiff to show that: (1) the class is 'defined with reference to objective criteria'; and (2) there is 'a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition.'" Byrd, 784 F.3d at 163, citing Hayes v. Wal-Mart Stores, Inc., 725 F.3d 349, 355 (3d Cir. 2013). Courts must perform a "rigorous analysis" to determine whether a proposed class is ascertainable. Byrd, 784 F.3d at 163. If putative members of the class "are impossible to identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is inappropriate." Marcus v. BMW of N. Am., LLC, 687 F.3d 583, 593 (3d Cir. 2012). "A plaintiff may not merely propose a method of ascertaining a class without any evidentiary support that the method will be successful." Carrera v. Bayer Corp., 727 F.3d 300, 306 (3d Cir. 2013). Thus, "[a] party's assurance to the court that it intends or plans to meet the requirements [of Rule 23] is insufficient." Hydrogen Peroxide, 552 F.3d at 318.

In <u>Carrera</u>, the Court of Appeals explained the important function of ascertainability, noting that "ascertainability and a clear class definition allow potential class members to identify themselves for purposes of opting out of a class." 727 F.3d at 307.  Ascertainability "ensures that a defendant's rights are protected by the class action mechanism" because it allows defendants to "be able to test the reliability of the evidence submitted to prove class membership."  <u>Id.</u>  Finally, "it ensures that the parties can identify class members in a manner consistent with the efficiencies of a class action."  <u>Id.</u>

The Court of Appeals in <u>Carrera</u> vacated the district court's certification of a class comprised of all consumers who had purchased a particular diet supplement in Florida.  <u>Id.</u> at 304.  The plaintiff attempted to prove ascertainability through the existence of incomplete retail records and alternatively by suggesting consumer affidavits as proof of purchase of the product at issue.  <u>Id.</u> at 308-10.  The Court of Appeals found that the plaintiff had not shown that the putative class was ascertainable.  <u>Id.</u>  The Court stated that the proposed class identification mechanism did not establish "a manageable process that does not require much, if any, individual factual inquiry."  <u>Id.</u> at 308.  It explained that "the plaintiff must demonstrate his purported method for ascertaining class members is reliable and administratively feasible, and permits a defendant to challenge the evidence used to prove class membership."  <u>Id.</u>

Defendant argues that despite a five-month class certification discovery process, plaintiff has been unable to "show that anyone has records of who paid for parking at the relevant times, or that there is any way of deriving this information."  Dkt. No. 41-1 at ECF p. 28.  Plaintiff has not suggested a mechanism by which putative class members can be identified and she has not responded to defendant's argument.  Although "there is no records requirement" to proving ascertainability, the burden remains on plaintiff to prove by a preponderance of the evidence that

7

the class members are identifiable.  Byrd, 784 F.3d at 164, citing Carrera, 727 F.3d at 306-308.
Plaintiff does not explain if or how the documents produced by the Philadelphia Parking
Authority showing payments to defendant link the payments to putative class members,
particularly those who may have paid for parking with cash or coins.  Plaintiff also does not
explain if or how she can tie payments to circumstances when "parking was to be free of charge"
or where payments were made "beyond the time required by the applicable parking regulation
signs."  See Dkt. No. 38-1 at ECF p. 3.

      Plaintiff has failed to identify any mechanism by which the putative class may be
ascertained and she has not provided any evidence to show that any method could be successful.
Thus, I find that plaintiff has not met her burden of demonstrating the ascertainability of the
proposed class.

      **B.**      **Predominance**

      Defendant also challenges plaintiff's proposed Rule 23(b)(3) class by arguing that
plaintiff has failed to demonstrate predominance.  Defendant argues that class certification is
improper because "[u]njust enrichment claims, by their very nature, demand an inquiry into the
individual circumstances of the plaintiffs who bring them."  Dkt. No. 41-1 at ECF p. 33.
Plaintiff's one-sentence discussion of predominance consists of her conclusion that "common
questions of law and fact predominate and there is no conflict among Class Members in any
way."[2]  Dkt. No. 38-1 at ECF p. 8.

---

[2]       Plaintiff's only other reference to common questions of law and fact appears when she discusses meeting the commonality requirement in Rule 23(a).  Plaintiff's argument for commonality is, in total, as follows:

      Many common issues of law or fact exist here, including:

In order to certify a class, Rule 23(b)(3) requires that I find "that the questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997). The predominance standard is "'far more demanding' than the commonality requirement of Rule 23(a)." Hydrogen Peroxide, 552 F.3d at 311, citing Amchem, 521 U.S. at 623-24. In determining predominance, the focus is on "whether essential elements of the class's claims can be proven at trial with common, as opposed to individualized, evidence." Grandalski v. Quest Diagnostics Inc., 767 F.3d 175, 184 (3d Cir. 2014), citing Hayes, 725 F.3d at 359.

The predominance inquiry "begins, of course, with the elements of the underlying cause of action." Erica P. John Fund, Inc. v. Halliburton Co., 131 S. Ct. 2179, 2184 (2011). "If proof of the essential elements of the cause of action requires individual treatment, then class certification is unsuitable." Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 172 (3d Cir. 2001).

---

> -Whether the Class Members paid for metered parking in the City of Philadelphia where and when parking was to be free of charge;
>
> -Whether the Class Members paid for metered parking in the City beyond the time required by the applicable parking regulation signs;
>
> -Whether the City of Philadelphia was unjustly enriched by Class Members who paid for parking where and when parking was to be free of charge and/or who paid for metered parking in the City beyond the time required by the applicable parking regulation signs.
>
> These questions are common to each putative class member.

Dkt. No. 38-1 at ECF p. 5. These statements do not support a finding of predominance.

9

In order to succeed on an unjust enrichment claim, a plaintiff must show that: "(1) plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) acceptance and retention by the defendant of the benefits, under the circumstances, would make it inequitable for the defendant to retain the benefit without paying for the value of the benefit." Com. ex rel. Pappert v. TAP Pharm. Prods., Inc., 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005). "[T]he most significant element of the doctrine is whether the enrichment of the defendant is unjust." Styer v. Hugo, 619 A.2d 347, 350 (Pa. Super. Ct. 1993) aff'd, 637 A.2d 276 (1994) (emphasis in original). "Whether the doctrine applies depends on the unique factual circumstances of each case." Id., see also Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1274 (11th Cir. 2009) ("[C]ommon questions will rarely, if ever, predominate an unjust enrichment claim, the resolution of which turns on individualized facts.").

Defendant argues that plaintiff cannot meet the predominance requirement because a finding of unjust enrichment depends on each putative class member's individualized circumstances and knowledge. See Vega, 564 F.3d at 1274 ("Due to the necessity of this inquiry into the individualized equities attendant to each class member, courts, including ours, have found unjust enrichment claims inappropriate for class action treatment."). A number of cases in this Circuit have denied class certification because unjust enrichment claims require examining individualized circumstances and therefore fail to meet the condition of predominance. See Grandalski, 767 F.3d at 185 (affirming the district court's denial of class certification where "individual inquiries would be required to determine whether an alleged overbilling constituted unjust enrichment for each class member" because "[s]uch specific evidence is incompatible with representative litigation"); Vista Healthplan, Inc. v. Cephalon, Inc., No. 06-1833, 2015 WL 3623005, at *16 (E.D. Pa. June 10, 2015); In re Actiq Sales & Mktg. Practices Litig., 307 F.R.D.

150, 168 (E.D. Pa. 2015); Hernandez v. Ashley Furniture Indus., Inc., No. 10-5459, 2013 WL 2245894, at *9 (E.D. Pa. May 22, 2013).

Defendant argues that if this class were certified, I would have to analyze the knowledge of each putative class member regarding the city's parking system and the features of the city's parking meters and kiosks. Dkt. No. 41-1 at ECF p. 38-39. I would have to examine not just the knowledge of each class member but, for class members like plaintiff who allegedly made several payments, their knowledge of the circumstances at the time of each individual payment. Defendant points to excerpts from plaintiff's deposition testimony — the only evidence before me — to demonstrate the individualized nature of this inquiry, as plaintiff testified to paying for parking "[a]lthough [she] knew it was free" in at least one instance.[3] Dkt. No. 41-3 at ECF p. 4. Defendant also distinguishes between a class member "who had never used the [max time button on a parking kiosk] before" with one who is a "habitual parker[], who had come across the

---

[3] Plaintiff testified to the following:

> A: [W]e're creatures of habit, constantly paying for parking, that I'm sure there was a Saturday that I inadvertently paid for parking. Although I knew it was free, I just, by creature of habit, went to the kiosk and got a ticket.

Dkt. No. 41-3 at ECF p. 4.

> Q: Do you know, have you actually seen it, have you looked for it, when you push max time, to see till what time you're paying for?
>
> A: No. I mean, especially when you're in a situation where you're hitting max time continuously, it's — you know, you're a creature of habit, you just hit max time and I —no, I do not.

Dkt. No. 41-4 at ECF p. 3.

11

situation before." Dkt. No. 41-1 at ECF p. 42. The state of mind of each putative class member would need to be individually examined in order to weigh whether a payment is "unjust."[4]

Additionally, defendant seeks to assert an affirmative defense of voluntary payment against putative class members individually. See Liss & Marion, P.C. v. Recordex Acquisition Corp., 983 A.2d 652, 661 (2009) ("Under the voluntary payment defense, 'one who has voluntarily paid money with full knowledge, or means of knowledge of all the facts, without any fraud having been practiced upon him . . . cannot recover it back by reason of the payment having been made under a mistake or error as to the applicable rules of law.'") (citation omitted). As I explained in my last opinion in this case, "defendant's assertion of the voluntary payment doctrine as a defense may thus require an inquiry into whether members of the putative class made their payments without a mistake of fact."[5] Parsons v. City of Phila., No. 13-0955, 2014 WL 6973024, at *6 n.3 (E.D. Pa. Dec. 9, 2014). Plaintiff has failed to show that such an individualized inquiry will not be required here. Thus, the necessity of individual inquiries to determine whether each class member's payments have unjustly enriched defendant makes the class action device inappropriate. See Arch v. Am. Tobacco Co., 175 F.R.D. 469, 490-91 (E.D. Pa. 1997) ("[I]n making a class certification decision, a district court must examine whether the validity of an affirmative defense depends on 'facts peculiar to each plaintiff's case.'") (citation omitted). Common questions of law or fact do not predominate over the individual questions that must be addressed for all class members to adjudicate their unjust enrichment claims.

---

[4] In a similar vein, defendant argues that another "countervailing interest" could include "each particular parker's ability to understand the information the parking meter kiosks provided." Dkt. No. 41-1 at ECF p. 39.

[5] In my prior opinion, I requested that both parties address the impact of defendant's voluntary payment defense on plaintiff's class certification, but only defendant has done so. See Parsons, 2014 WL 6973024, at *6 n.3.

Plaintiff has not met her burden of demonstrating ascertainability or predominance of common questions or law or fact as required by Rule 23(b)(3).[6]  I will therefore deny plaintiff's motion for class certification.

### III. Jurisdiction over Plaintiff's Remaining Claim

Plaintiff's individual claim against defendant is a count of unjust enrichment under Pennsylvania common law.  Over two years ago, I denied plaintiff's motion to remand her unjust enrichment claim when resolution of a motion for class certification was still ahead, alleging a large class with potential recovery in the millions of dollars.  See Dkt. No. 22.  Because I will deny class certification I find that I must, sua sponte, reconsider whether I should retain supplemental jurisdiction over plaintiff's single remaining state law claim.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

No federal issues remain in this case.  Absent class certification, the sole unresolved state law claim affects only two parties who are both domiciled in Pennsylvania.  Because "district courts may decline to exercise supplemental jurisdiction over a claim" if "all claims over which [they have] original jurisdiction" have been dismissed, I decline to exercise supplemental jurisdiction over plaintiff's remaining unjust enrichment claim.  See 28 U.S.C. § 1367(c).

---

[6] As a result, I do not need to examine whether plaintiff has met the requirements of Rule 23(a).  I will note that were I to conduct such an analysis, defendant has pointed out several other potential impediments to class certification, including that plaintiff is married to proposed class counsel.  Cf. Sommers v. Abraham Lincoln Fed. Sav. & Loan Ass'n, 66 F.R.D. 581, 589 (E.D. Pa. 1975) (noting that courts have found a named plaintiff's status as the spouse of plaintiff's counsel to be a "situation [that] creates potential conflicts which prevent[s] the plaintiff/counsel from adequately representing the class," although in that case "the intervention of numerous other named plaintiffs" cured any inadequacy).

Plaintiff's case will be remanded to plaintiff's original choice of forum, the Court of Common Pleas of Philadelphia County.

An appropriate Order follows.